UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15CV62682

NICOLE ANGELUS,

    Plaintiff,

v.

HUNTERS LEGACY LLC,
a Florida Limited Liability Company,
HUNTER'S BEACH BAR GROUP, LLC,
a Florida Limited Liability Company,
ANTHONY CATANIA, individually,
and JOHN RAMIREZ, individually.

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff Nicole Angelus (the "Plaintiff"), was an employee of Defendants Hunters Legacy LLC ("Hunters Legacy"), Hunter's Beach Bar Group, LLC ("Hunter's BBG"), Anthony Catania, and John Ramirez, and brings this action for overtime compensation, minimum wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110 *et seq.*, as well as for unpaid wages pursuant to Section 448.08, Florida Statutes.

**Parties, Jurisdiction and Venue**

1.    Plaintiff is currently a resident of Broward County, Florida, is over the age of 18 and otherwise *sui juris*.

2.    Defendant Hunters Legacy is a Florida limited liability company, which had its main place of business in Broward County, Florida, where Plaintiff worked for Defendant Hunters Legacy. Defendant Hunters Legacy was engaged in interstate commerce during the

times relevant to this Complaint and was a covered employer during the relevant time period for purposes of the FLSA.  On or about February 19, 2015, Defendant Hunters Legacy filed for Voluntary Dissolution with the Florida Department of State, Division of Corporations.

3. Defendant Hunter's BBG is a Florida Limited Liability Company, which has its main place of business in Broward County, Florida.  Defendant Hunter's BBG is engaged in interstate commerce and is a covered employer for purposes of the FLSA.

4. After its voluntary dissolution, Defendant Hunters Legacy has continued its business operations under the name of the new corporation Hunter's BBG.

5. Defendant Hunter's BBG is the successor-in-interest of Defendant Hunters Legacy and had notice of the FLSA violations, the Florida Minimum wage violations, and the other unpaid wages claimed by Plaintiff.  Defendant Hunter's BBG has the ability to provide relief to Plaintiff for all of the hours she worked without being properly compensation while employed by Defendant Hunters Legacy.

6. Defendants Anthony Catania and John Ramirez have at all times material hereto owned a business operating in Broward County, Florida, within the jurisdiction of this Court.

7.  This action is brought to recover from Defendants unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. § 216(b) and the FMWA, Fla. Stat. §448.110(6)(c), as well as for unpaid wages and reasonable attorneys' fees pursuant to Section 448.08, Florida Statutes.

8. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

CASE NO.: 0:15cv62682

**General Allegations**

9. Plaintiff realleges, as if fully set forth herein, the allegations of paragraphs 1 through 8 above.

10. As explained in paragraphs 2 through 5, Defendant Hunter's BBG is the successor-in-interest of Defendant Hunters Legacy.

11. Throughout the transition between Defendant Hunters Legacy and Defendant Hunter's BBG, the employees of Defendants did not have any notice of the change, sale, or transfer of ownership, or dissolution of the corporation because they continued operations as usual, in the same location, with the employees in the same jobs, the same working conditions, the same management, and offering the same services, with the only change being the company name on the employee's paychecks. There was a change in form, but not in substance.

12. Successor-in-interest Defendant Hunter's BBG had notice and full knowledge of the existence of several FLSA and Florida minimum wage violations perpetrated by Defendant Hunters Legacy, long before taking over its operations.

13. Defendant Hunter's BBG decided to assume and continue its predecessor's business enterprise after Defendant Hunters Legacy filed it voluntary dissolution.

14. Defendant Hunter's BBG is not an innocent successor. Defendant Hunter's BBG is participating in a fraudulent conveyance to defraud Plaintiff and escape the Court's judgment.

15. There is privity between Defendant Hunters Legacy and Defendant Hunter's BBG as evidenced by, among other indications, the fact that Defendant John Ramirez was an owner of both Defendant Hunters Legacy and Defendant Hunter's BBG.

16. Defendants Hunters Legacy and Hunter's BBG hereinafter will be called collectively "Defendant Hunters."

17. At all times material to this Complaint, Defendant Hunters had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

18. Based upon information and belief, the annual gross sales volume of Defendant Hunters was in excess of $500,000.00 per annum at all times material hereto.

19. At all times pertinent to this Complaint, Defendants Hunters was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

20. At all times material hereto, Defendants Anthony Catania and John Ramirez managed and/or operated Defendants Hunters, and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rate of pay for employees, and/or controlled the finances and operations of Defendant Hunters. By virtue of such control and authority, Defendants Anthony Catania and John Ramirez are employers of Plaintiff as such term is defined by the FLSA, 29 U.S.C. § 203(d).

21. Between March 22, 2014, and December 21, 2104, Plaintiff worked as a bartender for Defendants at Hunter's Beach Bar, located at 235-237 Almond Avenue in Fort Lauderdale, Florida.

22. Between approximately September 7, 2014, and December 21, 2014, Plaintiff also served as a bar manager for Defendants at Hunter's Beach Bar at the same location on Almond Avenue.

23. As a bartender, Plaintiff's compensation was supposed to consist of an hourly wage as well as gratuities from customers.

24. Defendants initially paid Plaintiff a minimum hourly wage while taking an allowed tip credit from March 22, 2014, through May 4, 2014.

25. On May 5, 2014, Defendants stop paying Plaintiff any hourly wage whatsoever and changed Plaintiff's compensation to consist solely of gratuities received from customers.

26. As a bar manager, Plaintiff was supposed to receive a weekly salary of $500.00 as well as gratuities from customers.

27. Despite Defendants' continued promises to pay Plaintiff her agreed upon salary, Defendants failed to pay Plaintiff any salary or hourly wage, and Plaintiff's compensation consisted solely of gratuities from customers.

28. During the relevant time period, Plaintiff regularly worked in excess of forty hours per week.

29. Between May 5, 2014, and June 30, 2014, Plaintiff worked approximately 45 hours per week. From July 1, 2014, through August 17, 2014, and from September 1, through September 7, 2014, Plaintiff worked approximately 50 hours per week. From September 8, 2014, through November 9, 2014, Plaintiff worked approximately 55 hours per week. From November 10, 2014, through December 21, 2014, Plaintiff worked approximately 50 hours per week.

30. The records, if any, concerning the number of hours worked and amounts paid to Plaintiff should be in the possession and custody of Defendants. Upon information and belief, however, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff.

## COUNT I – FLSA (29 U.S.C. § 206)
## RECOVERY OF FEDERAL MINIMUM WAGE COMPENSATION

31. Plaintiff adopts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 30 above.

32. Plaintiff was entitled to be paid at no less than the Federal Minimum Wage of $7.25 per hour for all hours worked on behalf of Defendants during the time period relevant to this Complaint, specifically May 5, 2014, through December 21, 2014.

33. Defendants knowingly and willfully failed to pay Plaintiff any wages whatsoever for the work she performed for Defendants from May 5, 2014, through December 21, 2014. Attached at Exhibit A is a chart showing the unpaid minimum wages owed to Plaintiff.

34. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

35. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages from Defendants.

36. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), she is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendants Hunters Legacy, Hunter's BBG, Anthony Catania and John Ramirez, for the payment of all hours worked by Plaintiff for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT II - FLSA (29 U.S.C. § 207)
## RECOVERY OF OVERTIME COMPENSATION

37. Plaintiff adopts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 30 above.

38. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour she worked for Defendants in excess of forty (40) hours per week during the time period relevant to this Complaint, specifically May 5, 2014, through December 21, 2014.

39. Defendants knowingly and willfully failed to pay Plaintiff at time and one-half of her regular rate of pay for all hours worked in excess of forty (40) per week for the relevant time period May 5, 2014, through December 21, 2014. Attached at Exhibit A is a chart listing the unpaid overtime owed to Plaintiff.

40. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

41. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages from Defendants.

42. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendants Hunters Legacy, Hunter's BBG, Anthony Catania and John Ramirez, for the payment of all overtime hours at one and one-half her regular rate of pay due for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT III - FMWA (Fla. Stat. § 448.110)
## RECOVERY OF FLORIDA MINIMUM WAGE COMPENSATION

43. Plaintiff adopts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 30 above.

44. Plaintiff was entitled to be paid at no less than the Florida Minimum Wage of $7.93 per hour for all hours worked on behalf of Defendants during the time period relevant to this Complaint, specifically May 5, 2014, through December 21, 2014.

45. Defendants knowingly and willfully failed to pay Plaintiff any wages whatsoever for the worked performed for Defendants from May 5, 2014, through December 21, 2014. Attached at Exhibit A is a chart showing the unpaid Florida minimum wages owed to Plaintiff.

46. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

47. As a result of Defendants' willful violations of the FMWA, Plaintiff is entitled to liquidated damages from Defendants.

48. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to Fla. Stat. §448.110(6)(c), she is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendants Hunters Legacy, Hunter's BBG, Anthony Catania and John Ramirez, for the payment of all hours worked by Plaintiff for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT IV - Fla. Stat. §448.08
## BREACH OF ORAL CONTRACY - RECOVERY OF UNPAID WAGES

49. Plaintiff adopts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 30 above.

50. Plaintiff worked as a bar manager for the Defendants from approximately September 8, 2014, through December 21, 2014, in exchange for certain weekly rates as promised and agreed to by the Defendants.

51. Defendants breached their agreement with Plaintiff by not paying Plaintiff her agreed upon wages as promised for the work she performed from September 8, 2014, through December 21, 2014. Attached at Exhibit A is a chart listing the total wages that Defendants failed to pay as promised.

52. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

53. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to Fla. Stat. §448.08, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendants Hunters Legacy, Hunter's BBG, Anthony Catania and John Ramirez, for the payment of all wages owed to her for the work she performed on behalf of Defendants from approximately September 8, 2014, through December 21, 2014, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

CASE NO.: 0:15cv62682

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by jury.

Respectfully submitted this 22nd day of December, 2015.

By: .s/ Kevin D. Smith
Kevin D. Smith, Esq.
Florida Bar No. 0528137
kevin@kdsmithlaw.com
Law Offices of Kevin D. Smith, P.A.
6099 Stirling Road, Suite 101
Davie, FL 33314
Tel: (954) 797-9626
Fax: (954) 239-3956
Counsel for Plaintiff