UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-62682-ZLOCH

NICOLE ANGELUS,

    Plaintiff,

v.

HUNTERS LEGACY LLC,
a Florida Limited Liability Company,
HUNTER'S BEACH BAR GROUP, LLC,
a Florida Limited Liability Company,
ANTHONY CATANIA, individually,
and JOHN RAMIREZ, individually.

    Defendants.
_____/

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to S.D.L.R. 7.1 and in response to the Court's July 6, 2016 Order to Show Cause [D.E. 25], Plaintiff Nicole Angelus hereby moves this Court to enforce the settlement, the essential terms of which Plaintiff and Defendants Hunters Legacy LLC and Anthony Catania ("Defendants Legacy and Catania") agreed upon on June 9, 2016, and states the following in support:

## BACKGROUND

Plaintiff filed her initial Complaint for Damages and Jury Demand on December 22, 2015 [D.E. 1], asserting claims against four different defendants including Defendants Legacy and Catania for unpaid minimum wage under the FLSA (Count I) and unpaid overtime in violation of the FLSA (Count II), as well as a claim for unpaid Florida minimum wage (Count III), and

breach of oral contract (Count IV). On January 5, 2016, the Court *sua sponte* dismissed Counts III and IV [D.E. 5], and this case proceeded solely as to Plaintiff's claims under the FLSA.

On February 1, 2016, the Court *sua sponte* issued an Order Entering Default [D.E. 12] against Defendant Hunter's Beach Bar Group, LLC, for failing to file an Answer or any other responsive pleading (the "Feb. 1st Order"). Pursuant to the Feb. 1st Order, Plaintiff submitted her Motion for Final Judgment for Default on February 11, 2016, along with a Proposed Default Final Judgment as to Defendant Hunter's Beach Bar Group, LLC [D.E. 14], which remains pending before this Court. Accordingly, Plaintiff's Motion to Enforce Settlement is directed solely to Defendants Legacy and Catania.

## PROCEDURE HISTORY

1. On Wednesday, June 1, 2016, counsel for Plaintiff called counsel for Defendants Legacy and Catania and during the approximately 3 minute phone call, offered to dismiss Defendants from the above caption case in exchange for a very reasonable $2,000.00.

2. Having not gotten a response back as to the settlement offer, on June 8, 2016, counsel for Plaintiff emailed counsel for Defendants Legacy and Catania following up on their June 1st call and to see if they would "be able to get this matter resolved within the next day or two as to your two clients" in light of the Parties' mediation summaries coming due on June 10, 2016, and in light of Defendants Legacy and Catania's overdue discovery responses remaining outstanding.

3. On June 9, 2016, at 10:04 a.m., counsel for Defendants Legacy and Catania emailed counsel for Plaintiff stating "Spoke to my client. He is willing to offer $1,500 to settle the case this week." A true and correct copy of this email is attached hereto as Exhibit A.

4.  That same day, at 2:42 p.m., counsel for Plaintiff emailed counsel for Defendants Legacy and Catania and accepted Defendants' counter-offer, stating "Ms. Angelus accepts your client's offer of $1,500.00 in exchange for her dismissing, with prejudice, Anthony Catania and Hunters Legacy LLC from this case." A true and correct copy of this email is attached hereto as Exhibit B.

5.  At 2:45 p.m. on June 9, 2016, counsel for Defendants Legacy and Catania responded, stating "Great. Do you want to draw up a brief stipulation?" to which counsel for Plaintiff stated "sure." A true and correct copy of this email exchange is attached hereto as Exhibit C. Counsel for Plaintiff emailed counsel for Defendants Legacy and Catania a proposed Joint Stipulation for Dismissal of Defendants with Prejudice at 4:58 p.m. that same day.

6.  On June 10, 2016, at 11:08 a.m., counsel for Defendants Legacy and Catania responded to the proposed stipulation with an email stating "[h]e needs to file a Motion For Court approval of the settlement. FLSA cases must be approved by the court." Counsel for Plaintiff replied, stating "I can put together the motion Monday if you all want to send over the settlement agreement and release."[1]

7.  Counsel for Defendants Legacy and Catania later requested that counsel for Plaintiff draft the settlement agreement, and counsel for Plaintiff emailed a draft settlement agreement, release and waiver of Plaintiff's FLSA claims as against Defendants Legacy and

---

[1] Defendants Legacy Catania and apparently believe that by simply mentioning the single word "release," this infers a full general release of any and all claims the Plaintiff has, or might have had, known or unknown, from the beginning of time through the present, despite the fact that all settlement discussions revolved solely around the remaining two FLSA counts of the Complaint with no mention of any general release. Indeed, during the Parties' February 18, 2016 Rule 26(f) conference, counsel for Defendants Legacy and Catania specifically stated that she would not be entertaining any settlement discussions concerning any claims not presently before this Court.

Catania on Monday, June 20, 2016, three days after the Parties had submitted their Joint Notice of Settlement [D.E. 24].

8. Eleven days later, on July 1, 2016, counsel for Defendants Legacy and Catania emailed counsel for Plaintiff a settlement agreement they had utilized in another case, which contained a mutual general release as well as a confidentiality provision with a liquidated damages clause, none of which had not be included or discussed during the June 1, 2016, through June 9, 2016 settlement negotiations.

9. One week later, on July 8, 2016, counsel for Plaintiff sent counsel for Defendants Legacy and Catania a revised settlement agreement, with the mutual general release and confidentiality provisions removed. Counsel for Defendants Legacy and Catania responded to the revisions stating, "this is not acceptable. We expect a full release of all claims against us related to your client's employment so we can be done with this matter," and refuse to recognize the settlement, necessitating this Motion.

### MEMORANDUM OF LAW

Federal courts possess inherent authority to enforce a settlement agreement. *See Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991). This Court "has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement prior to dismissal." *Le Bon Pain, Inc. v. Guyon & Co., Inc.*, 720 F. Supp. 983, 984-85 (S.D. Fla. 1989) (citing *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987)). Because settlement agreements are contracts, their "construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987) (*citing Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985)).

Under Florida law, a settlement agreement is enforceable if its terms are sufficiently specific and mutually agreed upon as to every essential element. *See Carpaneda v. Quayside Place Partners, LLP*, No. 09-20740, 2010 U.S. Dist. LEXIS 67861, at *2-3 (S.D. Fla. April 12, 2010); *Sands v. Wagner & Hunt, P.A.*, No. 09-60557, 2009 U.S. Dist. LEXIS 77169, at *7-8 (S.D. Fla. Aug. 28, 2009) (citing *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003)). However, the agreement to make a contract does not depend on "the agreement of two minds in one intention, but on the agreement of two sets of external signs -- not on the parties having meant the same thing but on their having said the same thing." *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985) (quoting *Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.*, 302 So. 2d 404, 407 (Fla. 1974)). A settlement will be enforced "if it is sufficiently capable of implementation." *PNC Bank, N.A. v. Rolsafe Int'l, LLC*, 477 B.R. 884, 903 (Bankr. M.D. Fla. 2012) (citing *In re Sav-A-Stop Inc.*, 124 B.R. 356, 359 (Bankr. M.D. Fla. 1991)). In this regard, Florida applies an "objective test" to determine whether a contract, or a settlement, may be duly enforced. *Sands*, 2009 U.S. Dist. LEXIS 77169, at *7.

In the instant case, the Parties did in fact say the same thing: Plaintiff would dismiss Defendants Anthony Catania and Hunters Legacy LLC from the instant case, with prejudice, i.e. settle the case against them, in exchange for a settlement payment of $1,500.00 from Defendants. The Parties filed a Joint Notice of Settlement, wherein they announced to the Court that "they have settled the above-styled case with regard to Defendants Hunters Legacy LLC and Anthony Catania. The Parties will promptly file all papers necessary to effectuate a dismissal with prejudice of Defendants Hunters Legacy LLC and Anthony Catania from the above-styled case." *See* Joint Notice of Settlement, filed on June 17, 2016 [D.E. 24].

Accordingly, there can be no question that the Parties said the same thing and intended to be bound. A settlement is "as conclusive of the rights between the parties as a judgment." *Reed v. United States*, 891 F. 2d 878, 880-81 (11th Cir. 1990). The parties to a civil action have the "right to settle the controversy between them by agreement at any time and an agreement settling all issues in the case is binding not only upon the parties but also upon the court." *Id.* at 881 (quoting *Gunn Plumbing, Inc. v. Dania Bank*, 252 So. 2d 1, 4 (Fla. 1971)). Further, Florida law has made it is clear that a settlement can be reached through a series of email exchanges. *See, e.g., Warrior Creek Development, Inc. v. Cummings*, 56 So.3d 915, 917 (Fla. 2d DCA 2011). Federal courts within the Eleventh Circuit have likewise held that a binding settlement agreement can be reached via email. *See, e.g., Jarvis v. City Elec. Supply Co.*, No. 11-cv-1590, 2012 U.S. Dist. LEXIS 37195 (M.D. Fla. Mar 5, 2012); *Terra-ADI Int'l Dadeland, LLC v. Zurich Am. Ins. Co.*, No. 06-22380, 2007 U.S. Dist. LEXIS 66403 (S.D. Fla. Aug. 24, 2007).

Because Plaintiff accepted Defendants Legacy and Catania's settlement offer, and the parties intended to create a binding contract, it is irrelevant that the Parties also agreed to later memorialize this agreement through a formal settlement agreement. In *Miles v. Northwestern Mut. Life Ins. Co.*, 677 F.Supp.2d 1312 (M.D. Fla. 2009), the court held that: "[T]he fact that the e-mail mentions the drafting of a release does not negate the binding nature of the agreement as a release 'would have merely memorialized the essential terms to which the parties had previously agreed.'" *Id.* at 1316; *see also Boyko v. Ilardi*, 613 So.2d 103, 104 (Fla. 3d DCA 1993) ("execution of the settlement documents was not a condition precedent to the settlement agreement, but rather a mere procedural formality").

Courts almost always enforce settlement agreements that have been announced to the court given that settlement agreements are "highly favored, and will be enforced whenever

possible." *Robbie*, 469 So. 2d at 1385; *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("[w]e favor and encourage settlements in order to conserve judicial resources"). In *Kent v. Baker*, 815 F. 2d 1395 (11th Cir. 1987), the parties to an age discrimination action announced in open court during trial that they had settled the case, that the terms of the settlement agreement were secret and that they would subsequently request dismissal of the lawsuit. Settlement documents were then drafted, but not signed, as the defendant attempted to withdraw over a dispute about a confidentiality clause. The Eleventh Circuit ordered the settlement enforced.

Similarly here, Plaintiff agreed that she would dismiss Defendants Catania and Hunters Legacy LLC from this case with prejudice in exchange for a settlement payment of $1,500.00. On June 17, 2016, the Parties announced to the Court that they had settled this case via the Joint Notice of Settlement. The fact that Defendants apparently now are suffering buyers' remorse that they did not include a general release as one of the material terms of the June 9, 2016 settlement is of no consequence.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order enforcing the essential terms of the settlement and dismissing Defendants Anthony Catania and Hunters Legacy LLC from this case with prejudice, but retain jurisdiction to further enforce the settlement in the event Defendants Legacy and Catania fail or refuse to pay the required $1,500.00 within 14 days of the dismissal order.

## Certificate of Pre-filing Conference

The undersigned confirms that, pursuant to local rule 7.1(A)(3), counsel for Plaintiff has conferred with counsel for Defendants Legacy and Catania in a good faith effort to resolve the issues raised in this Motion and has been unable to do so.

CASE NO.: 0:15-cv-62682-ZLOCH

Respectfully submitted this 11th day of July, 2016.

By: .s/ Kevin D. Smith
Kevin D. Smith, Esq.
Florida Bar No. 0528137
kevin@kdsmithlaw.com
Law Offices of Kevin D. Smith, P.A.
6099 Stirling Road, Suite 101
Davie, FL 33314
Tel: (954) 797-9626
Fax: (954) 239-3956
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

.s/ Kevin D. Smith
Attorneys for Plaintiff

### Service List

Kenneth L. Minerley (via CM/ECF)
Ken@minerleyfein.com
Stephanie Griffin (via CM/ECF)
Stephanie@minerleyfein.com
**MINERLEY FEIN, P.A.**
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone: 561-362-6699
Fax: 561-447-9884
*Attorneys for Defendants Hunters Legacy LLC and Anthony Catania*